IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JAMIE WINEGAR and wife <br> MELANIE WINEGAR, <br> <br> Plaintiffs, <br> <br> v. <br> <br> CHARTER COMMUNICATIONS, INC., <br> CHARTER COMMUNICATIONS, LLC, and <br> CHARTER COMMUNICATIONS <br> HOLDING COMPANY, LLC, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 2:07-CV-209 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

This civil action was removed by only two of the three named defendants, Charter Communications, Inc. and Charter Communications, LLC. Citing the general rule that the unanimous consent of all defendants is required for proper removal, *see, e.g., Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003), and further alleging that the removal was untimely, plaintiffs have filed a motion for remand [doc. 3]. All defendants have filed a response in opposition to the motion [doc. 4].

Although defendant Charter Communications Holding Company, LLC ("CCHC") did not join in the removal, it has subsequently expressed its consent. The defendants' response states in material part, "The Defendants would submit that if they had

knowledge that all corporate entities had been properly served and the dates of such service, all Defendants would have joined in filing in the Notice of Removal[.]" [Doc. 4, ¶ 8]. Further, CCHC has filed its answer [doc. 5] to the complaint, therein consenting to the jurisdiction of this court. Each of these filings cures any unanimity defect in the removal. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004). CCHC's agreement need not be directly expressed and may be shown beyond the thirty-day removal period. *See id.*

As for the timeliness of removal, the removing defendants acknowledge having been served on July 25 and 26, 2007. The notice of removal was filed on August 27, 2007. According to plaintiffs, the removal was untimely because it was not filed within thirty days of service as required by "28 U.S.C. § 1447(c) [sic]." Plaintiffs' theory, however, does not take into account the additional time granted by Rule 6(e) of the Federal Rules of Civil Procedure, which renders the removal timely.[1]

For the reasons stated herein, plaintiffs' motion to remand [doc. 3] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

                                                      s/ Leon Jordan
                                      United States District Judge

---

[1] The court observes that defendants, in their response and supporting affidavit of counsel, thrice refer to timeliness of removal under the *Tennessee* Rules of Civil Procedure. The parties and their attorneys are reminded that it is the *Federal* Rules of Civil Procedure which govern this case.