IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAMIE WINEGAR and wife MELANIE WINEGAR, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2:07-CV-209 |
| CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS, LLC, and CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM

This personal injury action stems from an on-the-job fall suffered by plaintiff Jamie Winegar. Defendant K&M Cable, LLC has now moved for summary judgment [doc. 33]. Plaintiffs were granted an extension of time through March 15, 2010, to respond to the motion but have not done so. However, the remaining defendants (collectively, "Charter") have responded in opposition. For the reasons that follow, the motion will be denied.

I.

*Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c). The moving party may discharge its burden by demonstrating that its opponent has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

II.

*Background*

In July 2006, Mr. Winegar climbed a telephone pole to perform repair work within the scope of his employment with Holston Electric Cooperative. Plaintiffs' amended complaint alleges that Mr. Winegar fell from the pole due to "a large loop of excess cable left by Charter and K&M Cable." Plaintiffs allege that the defendants were negligent in leaving, and in failing to properly secure, "too much excess cable on the pole so as to constitute a hazard to linemen."

In support of its summary judgment motion, K&M has submitted the affidavit of Stephen Kidd. Mr. Kidd states that the scope of K&M's work pertaining to the pole at issue was (through a subcontractor) to trench cable line to the pole, "install[] a vertical riser on the pole, and leav[e] excess cable to be spliced into the existing cable line already on the pole." Attached to Mr. Kidd's affidavit are invoices showing that Charter was not billed by K&M for splicing or connecting the cable.[1]

---

[1] In further support of its motion, K&M has filed a document captioned "Statement of Material Facts not at Issue in Support of Motion for Summary Judgment" [doc. 34]. Therein, K&M cites various pages of deposition testimony but did not file any of those pages with the court. K&M's statement of material facts is therefore of no value. While the court realizes that the scheduling order in this case [doc. 39] postdates K&M's summary judgment filings, <u>the parties'</u>
(continued...)

III.

*Analysis*

Because it has submitted evidence indicating that it was not the entity that connected the new and existing cable, K&M argues that it is entitled to summary judgment. The facts cited by K&M are not fully material to the allegations of the complaint. Summary judgment therefore is not warranted at this time.

The amended complaint alleges that the defendants were negligent in leaving too much unsecured cable on a telephone pole. The minimal evidence submitted by K&M does not negate (or even deny) those allegations.

The pending summary judgment motion will accordingly be denied. This civil action remains set for a jury trial to commence on January 24, 2011. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

---

[1](...continued)
attention is nonetheless directed to paragraph 6(b) of that order, which makes clear that the undersigned does not accept or consider separately-filed documents purporting to list undisputed material facts.